1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROGELIO SANCHEZ, | Case No. 1:20-cv-00365-DAD-BAM |
|---|---|
| Plaintiff, | **ORDER RE STIPULATION TO CONTINUE DISCOVERY AND PRETIAL DEADLINES** |
| v. | |
| SPECTRUM BRANDS, INC.; HOME DEPOT U.S.A., INC.; and DOES 1 to 10, inclusive, | (Doc. 27) |
| Defendants. | |

On April 16, 2021, the parties filed a stipulation to extend the discovery and pretrial dates and deadlines in the Scheduling Conference Order by at least 90 days. (Doc. 27.) The parties agree that good cause exists to modify the deadlines due to events since the Court's entry of the Scheduling Conference Order, including difficulties both sides have encountered in completing discovery in light of the COVID-19 pandemic. No party reportedly will be prejudiced by the granting of the requested 90-day continuance of the discovery and pretrial deadlines. The parties propose modification of the deadlines for non-expert discovery, expert disclosure, supplemental expert disclosure, expert discovery and pretrial motions, while keeping the March 21, 2022 pretrial conference date. (*Id.*)

///

///

Having considered the parties' stipulation, and cause appearing, the request to modify the discovery and pretrial deadlines is GRANTED.   The Scheduling Conference Order is MODIFIED as follows:

| | |
|---|---|
| Non-Expert Discovery Cut-Off | August 5, 2021 |
| Expert Disclosure | September 9, 2021 |
| Supplemental Expert Disclosure | October 25, 2021 |
| Expert Discovery Cut-Off | December 9, 2021 |
| Pretrial Motion Filing Deadline | February 7, 2022 |

The parties' proposal to retain the existing Pretrial Conference date is not compatible with the modified discovery and pretrial deadlines.  Accordingly, the Scheduling Conference Order is further MODIFIED as follows:

| | |
|---|---|
| Pretrial Conference | **June 20, 2022**<br>**1:30 p.m.**<br>**Courtroom 5 (DAD)** |

The parties are cautioned that further modifications of the Scheduling Order will not be granted absent a demonstrated showing of good cause.  Fed. R. Civ. P. 16(b).  Good cause may consist of the inability to comply with court orders in light of the COVID-19 pandemic.  Any such further difficulties should be explained.

IT IS SO ORDERED.

Dated:   __April 20, 2021__          ___/s/ Barbara A. McAuliffe___

UNITED STATES MAGISTRATE JUDGE

2